*Electronically Filed*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

CIVIL ACTION NO. 6:26-cv-4-REW-EBA

| | |
|---|---|
| SABRINA ADKINS | ) |
| | ) |
|     PLAINTIFF | ) |
| V. | ) |
| | ) |
| BEN FIELDS, Individually | ) |
| And in his Official capacity as | ) |
| a Deputy Sheriff with the | ) |
| Letcher County Sheriff's Department, | ) |
| | ) |
| AND | ) |
| | ) |
| BILLY JONES, LETCHER COUNTY | ) |
| SHERIFF | ) |
| | ) |
|     DEFENDANTS | ) |

---

**PLAINTIFF'S RESPONSE TO DEFENDANT FIELDS'S
MOTION *IN LIMINE* AS TO CRIMINAL CONVICTIONS (DE 202)**

---

    Comes the Plaintiff, Sabrina Adkins, by and through counsel, and for her response to the motion of Defendant Fields, acting in his individual capacity, *in limine* seeking to exclude Defendant Fields's indictment and guilty plea (DE 202), submits that the motion should be summarily overruled, and in further support states as follows:

### I. THE INDICTMENT AND GUILTY PLEA ARE RELEVANT, AND NOT UNDULY PREJUDICIAL ON PLAINTIFF'S FOURTEENTH AMENDMENT CLAIM

#### A. The Criminal Charges Are Identical To Plaintiff's Fourteenth Amendment Claim

Defendant Fields's motion is nonsensical. He pled guilty to the very matters for which he has been sued in his individual capacity in this action. The plea is highly probative of liability on Plaintiff's Fourteenth Amendment claim because it admits sexual acts with a detainee within the custodial context at issue in this civil case. As to Plaintiff Sabrina Adkins, Fields pled guilty to Rape in the Third Degree, admitting that as:

> [an] employee . . . of an entity under contract with . . . a detention facility for the custody, supervision, evaluation, or treatment of offenders, he or she subjects a person who he or she knows is incarcerated, supervised, evaluated, or treated by the . . . detention facility, or contracting entity, to sexual intercourse.

KRS 510.060

In this action, Fields was sued for subjecting Plaintiff Sabrina Adkins to non-consensual sexual intercourse while she was a pretrial detainee in violation of her rights as secured by the Fourteenth Amendment. See *Hale v. Boyle County*, 18 F.4th 845 (6th Cir. 2021). Contrary to Defendant's position, the criminal charges to which Fields pled guilty are identical to the alleged Fourteenth Amendment claims asserted here. Any Rule 403 concern is unwarranted; the evidence is direct, not cumulative, and its probative value outweighs any unfair prejudice because it addresses the same conduct, actors, timeframe, and custodial dynamics.

#### B. The Indictment And Guilty Plea Are Relevant To Rebut Fields's Defense Of Consent

Furthermore, the criminal indictment and guilty plea are relevant to rebut Fields's defense of consent. As stated in *Hale, supra*, coercive factors which preclude a defense of consent, "include, but are not limited to, 'favors, privileges, or any type of exchange for sex.'"

*Id.*, 18 F.4th 845, 854. Here, as this Court has held, Fields admitted in his guilty plea that he did not require Plaintiff to wear her ankle monitor or pay home incarceration fees in exchange for sexual favors. (DE 165, Page ID# 2367-2369). The indictment and guilty plea are directly relevant to rebut Fields's primary defense since coercive factors were admittedly present.

Clearly, the criminal indictment and guilty plea of Fields to Rape in the Third Degree, Sodomy in the Third Degree, and Tampering with an Ankle Monitoring device are relevant to showing lack of consent.

### C. The Guilty Plea Is A Non-Hearsay Statement Which Is Admissible

Defendant Fields's own guilty plea constitutes an opposing party's statement and is admissible non-hearsay when offered by Plaintiff. It directly admits conduct central to the Fourteenth Amendment claims and rebuts any consent defense. FRE 801(d)(2). Additionally, a felony guilty plea is admissible for impeachment purposes where the crime bears on truthfulness or is punishable by more than one year. The jury is entitled to evaluate Fields's credibility in light of his plea and convictions.

## II. THE GUILTY PLEA TO PERJURY IS RELEVANT TO SHOW LACK OF TRUTHFULNESS AND FOR IMPEACHMENT

Furthermore, the indictment and guilty plea involving perjury are relevant to show Fields's lack of truthfulness. Defendant's perjury-related plea is independently admissible for impeachment because it is a *crimen falsi* offense that goes to the heart of veracity. The perjury conviction is classic impeachment material and should be admitted for the jury to be able to adequately assess Fields's credibility if he testifies, and to evaluate any out-of-court assertions he advances.

**CONCLUSION**

For all of the foregoing reasons, Fields's motion in limine seeking to exclude his indictment and guilty plea (DE 202) should be overruled.

Respectfully submitted,

/s/ Joe F. Childers
JOE F. CHILDERS
JOE F. CHILDERS & ASSOCIATES
The Lexington Building
201 West Short Street
Suite 300
Lexington, Kentucky 40507
Telephone: (859) 253-9824
Facsimile: (859) 347-2310
joe@jchilderslaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on January 26, 2026, a copy of the foregoing was served electronically in accordance with the method established under this Court's CM/ECF Administrative Procedures and Standing Order upon all parties in the electronic filing system in this case.

/s/ Joe F. Childers
COUNSEL FOR PLAINTIFF