*Electronically Filed*

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF KENTUCKY
# LONDON DIVISION

## CIVIL ACTION NO. 6:26-cv-4-REW-EBA

| | |
|---|---|
| SABRINA ADKINS | ) |
| | ) |
| PLAINTIFF | ) |
| V. | ) |
| | ) |
| BEN FIELDS, Individually | ) |
| And in his Official capacity as | ) |
| a Deputy Sheriff with the | ) |
| Letcher County Sheriff's Department, | ) |
| | ) |
| AND | ) |
| | ) |
| BILLY JONES, LETCHER COUNTY | ) |
| SHERIFF | ) |
| | ) |
| DEFENDANTS | ) |

---

**PLAINTIFF'S RESPONSE TO OBJECTIONS OF LETCHER COUNTY SHERIFF'S OFFICE TO WITNESSES AND EXHIBITS (DE 193) AND DEFENDANT FIELDS'S OBJECTION TO WITNESSES AND EXHIBITS (DE 201)**

---

Comes the Plaintiff, Sabrina Adkins, by and through counsel, and for her response to the objections of the Letcher County Sheriff's Office (DE 193) and the objections of Defendant Fields (DE 201)[1] to witnesses and exhibits listed by her, states as follows:

**WITNESSES**

1. Defendants object to Daniel Dotson. As listed in Plaintiff's filing, Mr. Dotson is expected to testify concerning his knowledge of Mickey Stines' participation in

---

[1] Fields, in his individual capacity, incorporates DE 193 into his objections, and adds additional objections.

1

unlawful sexual activities involving female inmates and of Stines' knowledge of others' involvement in such illegal activities while he was Letcher County Sheriff. This evidence goes to the credibility of Stines, who at all relevant times was Letcher County Sheriff, as well as to the culture within the sheriff's office created by Stines, which the Court has previously ruled is relevant. In an apparent attempt to shield himself from being subject to discovery or trial testimony, Dotson, a licensed attorney, emerged suddenly at Stines's deposition and announced he was there to represent Stines in his individual capacity even though Stines had not been sued in his individual capacity. However, Dotson never entered an appearance in this action. He has now filed a declaration (DE 203-1) stating that he has no knowledge of the matters asserted in Plaintiff's witness list as attributable to him. Mr. Dotson's statements should be tested at trial.

2. Robert "Chad" Brown. Plaintiff withdraws Mr. Brown from her witness list.
3. Stacey Yates provided information to "courthouse personnel" that Fields was engaged in improper sexual activity with Plaintiff Sabrina Adkins prior to any "investigation" of Fields by the Sheriff's office. By admission, no investigation was conducted by the Sheriff until this lawsuit was filed. This information is relevant to whether the Sheriff followed the office's own policies and procedures related to investigations of wrongdoing by deputies or court security officers. Rulings on any objections based on actual notice to the Sheriff should be reserved for trial when the Court can more thoroughly determine the probative value of such evidence.
4. Chris Triplett is expected to testify that he had at least two conversations with Letcher County Sheriff personnel alerting them to wrongful sexual activity by Fields

with Triplett's wife, the late former Plaintiff, Jennifer Hill, at least six weeks before the Sheriff investigated Fields after this lawsuit was filed. This evidence is relevant to whether the Sheriff was or should have been put on notice of such wrongdoing, and its probative value outweighs any prejudice to Defendants. The evidence is not being offered to prove the truth of the sexual assault allegations, as those have been admitted by Defendant Fields through his guilty plea. This evidence is also admissible under FRE 415.

5. Jason Eckels was a deputy sheriff at all relevant times. He, Fields, and Stines exchanged inappropriate text messages involving crude sexual acts involving the sheriff and deputies which set an example within the office which Stines himself described as "horrible." This testimony is relevant evidence of the atmosphere of laxity created by the Sheriff within the Sheriff's office, which Plaintiff's expert will testify led directly to the unlawful sexual activity by Fields which caused Plaintiff's damages. The evidence is admissible under FRE 401, 402, and 403.

6. Patty Stockham operated East Kentucky Correctional Services, Inc., which was responsible for the home incarceration program for Letcher County inmates. Her company was a former Defendant in this action. While testimony concerning that Defendant's settlement with Plaintiff should be excluded, her testimony concerning operations of the home incarceration system is relevant and probative and should be allowed.

7. Lashuna Frazier is the first listed witness on the witness list of Defendant Letcher County Sheriff's office. Obviously, she has relevant evidence. Any objections to particular questions for this witness should be reserved for trial.

8. Dale Martin is expected to offer testimony that Sabrina Adkins told him about the sexual assault by Fields, and the emotions she exhibited when discussing this matter, contemporaneously with it happening. This testimony is relevant pursuant to FRE 803(1) to address Defendants' expected defenses that Plaintiff "consented" to the sexual activities. Mr. Martin will only testify as a rebuttal witness if Defendants are permitted to offer such evidence of "consent."
9. Brianna Cornett's testimony is admissible under FRE 415.
10. The relevance and admissibility of expert Scott Hilden's testimony will be addressed separately in response to the *Daubert* motion (DE 185) seeking to exclude such testimony.

## **EXHIBITS**

LCSO objections (DE 193)

1. LCSO objects to Exhibits 1 and 2, Plaintiff's medical records. These objections go to the weight to be given to the evidence and not to the admissibility of such evidence. As such they are admissible at trial.
2. LCSO objects to Plaintiff's exhibits 7, 8 and 18 through 30, consisting of various Facebook Messenger messages between and among Sheriff Stines and the Letcher County Sheriff's deputies. These messages, some of which involve Mickey Stines directly, are all crude and of a sexual nature. Defendants argue that Stines was not aware of all of the messages; however, Stines himself testified that he set a "horrible" example by participating in and encouraging such crude messaging. The Court has previously held that this evidence goes to the Sheriff's failure to train and supervise his deputies. (DE 165, Page ID# 2379-2384). This evidence is admissible under FRE 401, 402, and 403.

3. LCSO objects to the declaration of Stacy Yates. This declaration will only be used to refresh the recollection of Mr. Yates should he suffer from amnesia at trial.

Fields objections (DE 201)[2]

4. Fields objects to "Criminal Complaint accusing Sabrina Adkins of Escape in the Second Degree, signed by Ben Fields in his official capacity with the Letcher County Sheriff's Office." This evidence is directly relevant to Plaintiff's claims against Fields in his individual capacity. Plaintiff testified that she was terrified of returning to the Letcher County jail. By falsely accusing her of escape, Fields assured that she would be returned to the jail. (DE 57, Page ID# 340-341). As the Court previously held, Fields is not entitled to qualified official immunity on the state law claims, partly for reason he filed this false escape charge against Plaintiff (DE 165, Page ID# 2373). The evidence is relevant to show that Defendant Fields deprived Plaintiff of her liberty in violation of the Fourteenth Amendment and that he falsely imprisoned her under state law.

5. Exhibits 7 and 8 and 18-30, consisting of Facebook messenger messages have previously been discussed above.

6. Exhibit 9, the Attorney General's investigative report concerning Fields's criminal charges, is a business record kept in the ordinary course of business and is admissible pursuant to FRE 803(6) and 803(8).

7. Exhibits 12 and 13 are Fields's indictment and guilty plea, respectively. The admissibility of these documents is addressed in response to Fields's Second Motion *In Limine* (See DE 205).

---

[2] Fields in his individual capacity

Respectfully submitted,

/s/ Joe F. Childers
JOE F. CHILDERS
JOE F. CHILDERS & ASSOCIATES
The Lexington Building
201 West Short Street
Suite 300
Lexington, Kentucky 40507
Telephone: (859) 253-9824
Facsimile: (859) 347-2310
joe@jchilderslaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 26, 2026, a copy of the foregoing was served electronically in accordance with the method established under this Court's CM/ECF Administrative Procedures and Standing Order upon all parties in the electronic filing system in this case.

/s/ Joe F. Childers
COUNSEL FOR PLAINTIFF