*Electronically Filed*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

CIVIL ACTION NO. 6:26-cv-4-REW-EBA

| | |
|---|---|
| SABRINA ADKINS | ) |
| | ) |
| PLAINTIFF | ) |
| V. | ) |
| | ) |
| BEN FIELDS, Individually | ) |
| And in his Official capacity as | ) |
| a Deputy Sheriff with the | ) |
| Letcher County Sheriff's Department, | ) |
| | ) |
| AND | ) |
| | ) |
| BILLY JONES, LETCHER COUNTY | ) |
| SHERIFF | ) |
| | ) |
| DEFENDANTS | ) |

**PLAINTIFF'S MOTION FOR WRIT OF *HABEAS CORPUS AD TESTIFICANDUM***

Comes the Plaintiff, by and through counsel, and respectfully moves the Court to issue a writ of *habeas corpus ad testificandum* to Keith Jackson, Secretary of the Kentucky Justice and Public Safety Cabinet (KJPSC), and Cookie Crews, Commissioner, Department of Corrections, KJPSC, directing said individuals to produce state inmate Mickey Stines to testify as a witness at the trial of this matter on March 4, 2026 at the federal district courthouse in London, Kentucky, on behalf of the Plaintiff.

In pertinent part, 28 U.S.C.A. § 2241 states: "(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. . . . (c) The writ of habeas corpus shall not extend to a prisoner unless . . . (5) It is necessary to bring him into court to testify or for trial." 28 U.S.C.A. § 2241(c)(5) authorizes a court to issue a writ of *habeas corpus ad testificandum* to the custodian of a prisoner when "[i]t is necessary to bring him into court to testify or for trial." The writ is directed to "the person having custody of the person detained." 28 U.S.C. § 2243. *Sales v. Marshall*, 873 F.2d 115, 118 (6th Cir. 1989).

In support of this motion, Plaintiff submits that former Letcher County Sheriff Stines is an indispensable witness in whose absence a fair recitation of the pertinent facts cannot be obtained. Plaintiff's *Monell* municipal liability claims are entirely against the Sheriff's office and arise from actions and omissions that occurred under Sheriff Stines's watch. The jury should be able to hear firsthand from Mr. Stines how he ran the office, the environment he created within the community of law enforcement officers under this control, the lack of training of his officers on sexual misconduct and other policies critical to this case, and his utter abdication of his role as supervisor of his deputies and court officers.

The Court is afforded discretion on whether a writ of *habeas corpus ad testificandum* should be issued. The Sixth Circuit has held that "it is settled law that the decision of a court to issue a . . . writ is a matter that rests solely within the court's discretion. Further, a court should issue a writ that requires the production of a prisoner only in those cases where the prisoner's physical presence will contribute significantly to a fair adjudication of his claims." *Holt v. Pitts*, 619 F.2d 558, 561 (6th Cir. 1980). The standard for issuance of a writ is clearly met here. In denying the prisoner's writ petition in *Holt*, the court weighed the cost and inconvenience of

bringing the prisoner from California to Tennessee to testify against the benefits and concluded that the cost outweighed the benefits. *Id*., at 561. Here, the distance between the Leslie County jail in Hyden, Kentucky, where inmate Stines is held, and the federal courthouse in London, Kentucky is approximately 50 miles. The benefits of bringing Stines to testify far outweigh the cost and inconvenience to state corrections officials. Furthermore, the Sixth Circuit has held that "federal courts have the power, in the exercise of their discretion, to issue a writ requiring penal authorities to produce the prisoner at federal civil litigation proceedings." *In re Wilkinson*, 137 F.3d 911, 915 (6th Cir. 1998)(citing *Holt, supra*).

> Some of the other factors to be considered by the Court include:
>
> Whether writ of habeas corpus ad testificandum is necessary is committed to sound discretion of court, taking into account such factors as: (1) whether prisoner's presence will substantially further resolution of case; (2) security risks presented by prisoner's transportation and safekeeping; and (3) whether suit can be stayed until prisoner is released without prejudice to the cause asserted. 28 U.S.C.A. §§ 1651(a), 2241(c)(5).

*Securities Investors Protection Corp. v. Bernard L. Madoff Inv. Securities LLC*, 493 B.R. 407 (Bankr. S.D. N.Y. 2013).

Taking into account the *Madoff* court's factors, it is clear that Stines participation at trial will substantially further resolution of the case with minimum security risks. Obviously this action cannot be stayed until Stines is released from custody since he was caught on camera gunning down a local judge in a capital murder case and is likely to spend the rest of his life behind bars.

For these reasons, Plaintiff Sabrina Adkins respectfully moves the Court to issue the writ mandating former Sheriff Stines's appearance at the trial of this case. The importance of his testimony for the elucidation of the facts for the jury far outweighs any prejudice to the defendants, the cost, or security risks presented.

Respectfully submitted,

/s/ Joe F. Childers
JOE F. CHILDERS
JOE F. CHILDERS & ASSOCIATES
The Lexington Building
201 West Short Street
Suite 300
Lexington, Kentucky 40507
Telephone: (859) 253-9824
Facsimile: (859) 347-2310
joe@jchilderslaw.com

**ATTORNEY FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that on February 3, 2026, a copy of the foregoing was served electronically in accordance with the method established under this Court's CM/ECF Administrative Procedures and Standing Order upon all parties in the electronic filing system in this case.

/s/ Joe F. Childers
COUNSEL FOR PLAINTIFF