UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION
CIVIL ACTION NO. 6:26-cv-4-REW-EBA

SABRINA ADKINS

PLAINTIFF

V.

BEN FIELDS, Individually
And in his Official capacity as
a Deputy Sheriff with the
Letcher County Sheriff's Department,

AND

BILLY JONES, LETCHER COUNTY
SHERIFF

DEFENDANTS

## MOTION IN OPPOSITION TO PLAINTIFF'S MOTION FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM

Comes Mr. Stines, by and through counsel, and pursuant to FCRP 24(c ), respectfully tenders this provisional Motion in Opposition to Plaintiff's Motion for Writ of Habeas Corpus Testificandum.  For grounds, Mr. Stines states as follows:

Plaintiff has moved for a writ of habeas corpus ad testificandum seeking production of state inmate Mickey Stines to testify at trial on March 4, 2026, at the federal courthouse in London, Kentucky. Mr. Stines is under indictment for capital Murder in the Commonwealth of Kentucky.  He has pled not guilty and awaits a trial date.  Prior to the currently pending Motion

to Recuse, trial dates were being considered in March and May. Mr. Stines anticipates that a trial date will be set expeditiously once the pending motions are resolved. Plaintiffs in this action have deposed Mr. Stines previously and that deposition, the witnesses to it and the underlying topics are intertwined with the alleged criminal charges.

FCRP 24(c) mandates that a pleading asserting the defense or claim be filed with the motion to intervene be served as well.

## Argument

**I. The Court has discretion to deny a writ where live testimony is unnecessary and the burdens outweigh any marginal benefit.**

Plaintiff acknowledges that issuance of a writ under 28 U.S.C. § 2241(c)(5) is discretionary and appropriate only where a prisoner's presence will contribute significantly to a fair adjudication. Mr. Stines does not dispute the availability of the writ in appropriate circumstances; rather, he submits those circumstances are not present here, particularly given his Fifth Amendment privilege.

**II. Stines will assert his Fifth Amendment privilege; compelled transport to trial would be futile and prejudicial.**

Stines intends to assert his privilege against self-incrimination in response to any questions that could reasonably tend to incriminate him. The facts of the litigation sub judice are inextricably intertwined with the facts of the criminal case. Compelling Mr. Stine's transportation and presence at trial merely to invoke the privilege multiple times in front of the jury creates undue prejudice to the original parties and invites impermissible inferences. The Court should exercise its discretion to deny the writ because his live testimony will not be forthcoming on the topics Plaintiff identifies and any compelled appearance would not "contribute significantly" to a fair adjudication.

### III. <u>Plaintiff already obtained sworn discovery from Stines; any further compulsion is unnecessary.</u>

It appears that extensive discovery, including a deposition by Plaintiff of Mr. Stines was conducted prior to the date of the criminal charges. To the extent Plaintiff seeks foundational or non-privileged facts, she has an existing record without need for live testimony from an incarcerated witness. The availability of prior sworn testimony and other proof weighs decisively against the necessity of the writ under the Court's discretionary standard. Plaintiff has not asserted any proffered facts that have transpired relevant to her claims that occurred after the deposition date of Mr. Stines.

### IV. <u>The balance of factors does not support issuance.</u>

Plaintiff invokes a three-factor framework concerning whether a prisoner's presence will substantially further resolution of the case, security risks associated with transportation and safekeeping, and the feasibility of delay. Even crediting that general framework, the factors here disfavor issuance: (a) Stines's anticipated assertion of privilege means his presence will not substantially further resolution; (b) any security risk—particularly given Plaintiff's own characterizations—cuts against unnecessary transport; and (c) there is no need to delay the case because Plaintiff already has alternative evidentiary mechanisms, including prior sworn testimony and other witnesses.

### <u>V. Procedural protections are necessary if the Court contemplates any appearance</u>.

If, notwithstanding the foregoing, the Court considers compelling Stines's appearance, Mr. Stines asks that this Court: (a) require advance proffers of non-privileged topics; (b) prohibit questioning designed to elicit privileged testimony; (c) bar any adverse inference from invocation of the privilege; and (d) permit remote appearance or alternative means that avoids unnecessary transport.

## Conclusion

For the foregoing reasons, Stines respectfully requests that the Court grant his motion to intervene for the limited purpose stated and deny Plaintiff's Motion for Writ of Habeas Corpus ad Testificandum. In the alternative, Stines requests tailored protective measures that preclude any effort to compel privileged testimony, bar adverse inferences, and minimize or eliminate transport.

Respectfully Submitted,

/s/ Jeremy A. Bartley
_____
JEREMY A. BARTLEY
Bartley Law Office
35 Public Square
Somerset, Kentucky 42501
(606) 678-7265
jbartleylaw@gmail.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing motion was served via electronic service on this 11th day of February 2026 to the following:

Jonathan C. Shaw

PORTER, BANKS, BALDWIN & SHAW, PLLC
327 Main Street, P.O. Drawer 1767
Paintsville, Kentucky 41240
**jshaw@psbb-law.com**

Joe F. Childers, Esq.
Childers & Baxter, PLLC
201 West Short Street Suite 300
Lexington, Kentucky 40507
**bethany@jchilderslaw.com**

Jason E. Williams, Esq.
Williams and Towe Law Group

303 S. Main Street
London, KY 40743
**jason@wftlaw.com**