UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON
CIVIL ACTION NO. 6:26-cv-00004-REW-EBA

*THIS DOCUMENT HAS BEEN ELECTRONICALLY FILED*

SABRINA ADKINS                                                    PLAINTIFFS

V.

BEN FIELDS, Individually
And in his official Capacity as
A Deputy Sheriff with the
Letcher County Sheriff's Department,
MICKEY STINES, Letcher County Sheriff, and
EASTERN KENTUCKY CORRECTIONAL
SERVICES, INC.                                                   DEFENDANTS

---

**DEFENDANT BEN FIELDS' RESPONSE IN OPPOSITION TO MOTION FOR WRIT
(DN 215) and IN SUPPORT OF STINES MOTION IN OPPOSITION (DN 216)**
_____

Comes the Defendant, Ben Fields, individually, by and through counsel, and for his Response in Opposition to Motion for Writ (DN 215) and in Support of Stines Motion in Opposition (DN 216), and states as follows:

As the Court is aware, the Plaintiff has filed a Motion for a Writ to require former Sheriff Stines to be brought before the Court and testify in this civil case.

While undersigned counsel can't blame Plaintiff's attorney for trying, allowing this strategy to go forward would result in undue prejudice to the Defendants, and would confuse the jury. As a matter of strategy, Plaintiff counsel likely hopes calling Sheriff Stines as a witness will prejudice the jury against both Letcher County Sheriff's Office, and Defendant Fields.

The jury in this case will be drawn from a group of citizens that likely will include Letcher Countians. But the notoriety of the criminal case against former Sheriff Stines extends beyond the boundaries of Letcher County, and Kentucky itself. It is likely that if Sheriff Stines was brought into the courtroom, that the jury would recognize him from

media accounts of the killing of Judge Mullins, and his appearance, combined with his invocation of his Fifth Amendment rights, as more fully described by his own counsel Mr. Bartley, would only serve to deeply prejudice the jury unduly, and to focus their thoughts away from the evidence to be presented in court, and the law that the Court will instruct them upon.

Of course, a request such as this is not new to federal jurisprudence. In _United States v Deutsch_, 987 F. 2d 878 (2nd Cir. 1983) the Court held as follows:

> The district court denied Deutsch's motion to have Berube testify before the jury. Citing _United States v Martin_, 526 F. 2d 485, 487 (10th Cir. 1975), the district court held that it was improper for Deutsch to call Berube for the sole purpose of compelling him to invoke his fifth amendment privilege in front of the jury. In addition, the district court held that the rest of Berube's testimony was irrelevant, and that therefore, his testimony should be excluded. The jury found Deutsch guilty of credit card fraud.
> The district court has the discretion to prevent a party from calling a witness solely to have him or her invoke the privilege against self-incrimination in front of the jury. Most of the circuits which have addressed this issue have had it not to be error, for a district court to bar such a witness from testifying. _See_ _United States v George_, 778 F. 2d 556 562-36 (10th Cir. 1985); _United States v Vandetti_, 623 F. 2d 1144, 1147-49 (6th Cir. 1980); _United States v Trejo-Zambrano_, 582 F. 2d 460, 464 (9th Cir.)…

As the Supreme Court has stated,

> "If the privilege claimed by the witness be allowed, the matter is at an end. The claim of privilege and its allowance is properly no part of the evidence submitted ot the jury, and no inferences, whatever can be legitimately drawn by them from the legal assertion by the witness of his constitutional right. The allowance of the privilege would be a mockery of justice, if either party is to be affected injuriously by it."
> _Johnson v Untied States_, 318 U.S. 189,196-97, 87 L. Ed. 704, 63, S. Ct. 549 (1943). _United States v Deutsch_, _Supra_ at pp. 883-84.

As the Sixth Circuit noted in the _Vandetti_ case, cited above,

> Although prohibited from asking about the convictions, the government may desire to call the codefendants on Vandetti's retrial. The District Court will then face the question of whether they may be called where the only evidence which foreseeably can be elicited will be their identity and the fact that they refuse to answer any questions regarding appellant Vandetti or the gambling business. There are two constitutional problems which may arise when a witness is presented who refuses to testify relying upon

the fifth amendment privilege. The first problem is that such a witness permits the party calling the witness to built its case out of inferences arising from the use of the testimonial privilege. _Namef v United States_, 373 U.S. 179,186,83 S. Ct. 1151, 1154, 10 L. Ed. 2d 278 (1963), a violation of due process. "Neither side has the right to benefit from any inferences the jury may draw from the witness' assertion of the privilege alone or in conjunction with questions that have been put to him." _United States v LaCouture_, 495 F. 2d 1237, 1240 (5th Cir.), cert. denied, 419 U.S. 1053, 95 S. Ct. 631, 42 L. Ed. 2d 648 (1974). Nevertheless, although guilt is not properly inferable from the exercise of the privilege, it is feared that its assertion in the presence of the jury may have a disproportionate effect on its deliberations. _Bowles v United States_, 142 U.S. App. D.C. 26, 439 F. 2d 536, 541 (D.C. Cir. 1970) (en banc), cert. denied 401 U.S. 995, 91 S. Ct. 1240, 28 L. Ed. 2d 533 (1971). Even though a cautionary instruction may be useful, see _Namef v United States_, _supra_, it may not be sufficiently ameliorative in all cases. Advisory Comm. Note to _F.R. Evid_, 105. Second, calling such a witness encroaches upon the right to confrontation. _Douglas v Alabama_, 380 U.S. 415, 419, 85 S. Ct. 1074, 1077, 13 L. Ed. 2d 934 (1965). Inferences from such a refusal may "add critical weight to the prosecution's case in a form not subject to cross-examination, and thus unfairly (prejudice) the defendant" _Namef v United States_, _supra,_ 373 U.S. 187, 83 S. Ct. 1155. The probative value of this sort of testimony is almost entirely undercut by the impossibility of testing it through cross-examination. _Bowles v Untied States_, _supra_. certainly, the Supreme Court has long been concerned with placing before the jury evidence lacking indicia of trustworthiness which was obtained by violating the right of confrontation. _See_ _Kirby v Untied States_, 174 U.S. 47, 54, 19 S. Ct. 574, 576, 43 L. Ed. 890 (1899).

_Vandetti_, _Supra_ at pp. 1147-49.

Accordingly, based upon those grounds asserted by Sheriff Stines in Opposition to the Writ, Federal Rule of Evidence 403, and based upon prior cases relating to this issue, transporting and calling former Sheriff Stines as a witness only to have him invoke the privilege should be overruled, especially where he has given a full discovery deposition in this case.


                                        Respectfully submitted,

                                        Jason E. Williams, Esq.
                                        Williams and Towe Law Group
                                        303 S. Main Street
                                        London, KY 40743
                                        Telephone (606) 877-5291

jason@wftlaw.com
brandy@wftlaw.com


By:      /s/Jason E. Williams
JASON E. WILLIAMS, Esq.
*Counsel for Defendant, Ben Fields,*
*individually.*

/s/Jason E. Williams

## <u>CERTIFICATE OF SERVICE:</u>

I hereby certify that on February 13, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and I further certify that I mailed a true and correct copy of the foregoing to:

Jonathan Shaw
PORTER, BANKS, BALDWIN & SHAW, PLLC
327 Main Street, P.O. Drawer 1767
Paintsville, Kentucky 41240-1767
jshaw@psbb-law.com


Joe Childers
Childers & Baxter, PLLC
201 West Short Street Suite 300
Lexington, Kentucky 40507
bethany@jchilderslaw.com

/s/Jason E. Williams
Jason E. Williams