UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON
CIVIL ACTION NO. 6:26-cv-00004-REW-EBA

SABRINA ADKINS                                                                      PLAINTIFFS

-vs-

BEN FIELDS and
LETCHER COUNTY SHERIFF'S OFFICE                   DEFENDANTS

---

**LETCHER COUNTY SHERIFF'S OFFICE PROPOSED VOIR DIRE**

---

Ladies and gentlemen of the jury panel, I am going to ask you some questions about any information you may have heard, read, or seen about this case. It is important that you answer these questions honestly and completely. There is nothing wrong with having heard about this case through the media, and you will not be disqualified simply because you have some knowledge of it. The purpose of these questions is to determine whether you can set aside any information you may have received and decide this case based solely on the evidence presented in court.

      Knowledge of the attorneys

      Knowledge of the Parties (including Eastern Kentucky Corrections Services, Inc.)

      Knowledge of the witnesses

Has any jury member or relative done business with or been employed by the Letcher County Sheriff's Department?

      (C). Do any of you prospective jurors know Sabrina Adkins, Ben Fields, Sheriff Billy Jones or Former Sheriffs Danny Webb or Mickey Stines?

**Sabrina Adkins (from Pike County) Relatives:**

1

- Mother: Barbara Hackney (deceased)
- Father: Chester Hackney (deceased)
- Siblings:
- Sister: Melissa Polly (living, resides in Chapmanville, West Virginia)
- Sister: Amy Jones (deceased)
- Brother: George Hackney (deceased)
- Son: Jacob Thomas Edward Adkins (living, age 26, resides in Pike County, Kentucky)
- Ex-husbands:
- Joseph Eddie Adkins (father of Jacob, resides in Pike County, Kentucky)
- Enos Little (married in 2017, divorced in 2017, no children from this marriage)

Mr. Adkins is from Pike County and attended Belfry High School in Pike County in 1977 - did any of you attend school there? Any of you classmates of Mr. Adkins (**formerly Hackney**)?

<u>Witnesses (from Letcher County):</u>    **(HAVE WITNESS LISTS AVAILABLE AFTER COURT RULINGS)**

1.
2.

- Does any member of the panel know these individuals?  Are any members of the panel related to them, or anyone worked with them or has anyone had any personal or social dealings with them?

- The Plaintiff's attorney is Joe Childers who practice law in Lexington, KY.  I believe Mr. Childers is originally from Pikeville.

- Have any of the panel been represented by Mr. Childers or his firm in the past?  Are any members of the panel related to them, or anyone worked for either or has anyone had any personal or social dealings with either?

- Has any member of your family been a party to a lawsuit?

   (A).  Did you file suit?

   (B).  Where?

(G). Developed bias against defendants?

- I work with John Porter, Mike Schmitt, Darrin Banks, Jeff Baldwin, Daniel Pugh in the firm of Porter, Banks, Baldwin & Shaw in Paintsville.
- **Ben Fields is represented by Jason Williams and John Kelly in the firm of Williams and Towe Law Group in London, KY**

- Have any of the panel had prior dealings with either me or the attorney's of my firm been in the past? Mr. Williams or his firm? In particular, dealings that would **tend to impair your ability to render a fair and impartial decision in sitting on this jury?**

**In order to file a suit one only needs a filing fee.**

1. How many of you believe that anytime that there is a lawsuit that it must be the fault of the individual being sued and the plaintiff is always entitled to money?
2. The Burden of proof is on the plaintiff to prove all elements of his case. This burden includes proving that the Defendants retaliated against them for engaging in "protected speech". Does any member of this jury disagree that the burden is on the plaintiff and that the plaintiff must prove his case?
3. Do any of you believe that just because a lawsuit is filed that the defendant is at fault and the plaintiff is entitled to money?
4. If you were sued, do you think that automatically means you are at fault?
5. If there is no evidence that my clients did anything wrong would any of you be reluctant to find for him and dismiss all claims against him?

6. Has anyone ever had any contact with the Letcher County Sheriff's Department? If so, was there any negative or unfavorable experience or treatment there? If so, explain.

7. As judges of the facts, you are to decide this case solely on the evidence you hear in court; your verdict must not be based on sympathy, fear, anger, or any other emotion, nor should it be based on rumors, speculation, gossip, what you read in the newspapers or see on the television. Can you follow that rule?

8. Do any of you know of any reason why you could not serve as a juror and be fair to all the parties? If so, explain.

9. Has anyone ever participated in any performance review of an employee? Explain what you did.

10. Any of you tend to be sympathetic with plaintiffs?

**<u>Trial 3 – 4 days</u>**

Any health issues or other reasons why you could not complete / sit through the trial?

Anyone hearing or visually impaired? Some accommodations may be made

Know of any reason we may not want you to hear this matter?


**PRETRIAL PUBLICITY**

**General Media Exposure Questions**

1. Have you heard, read, or seen anything about this case in any form of media, including newspapers, television, radio, internet, or social media?

2. If yes, what sources of media did you use to obtain information about this case? Please be specific (newspapers, TV stations, websites, social media platforms, etc. )

3. Approximately how many times have you been exposed to information about this case through media sources?

4. When did you first become aware of this case through media coverage?

5. Have you actively sought out information about this case, or did you encounter it incidentally while consuming other media?

6. Have you discussed this case with family members, friends, coworkers, or anyone else?

7. Have you expressed any opinions about this case to others?

**Specific Content and Impact Questions**

8. What specific details about this case do you recall from media coverage?

9. Do you recall any information about the defendant's background, criminal history, or character?

10. Do you remember any details about the alleged crime itself that were reported in the media?

11. Did any of the media coverage include information about the investigation, evidence, or statements by law enforcement?

12. Have you seen or heard any statements attributed to the defendant regarding this case?

13. Did the media coverage you encountered present the Letcher County Sheriff's Department in a positive, negative, or neutral light?

14. Based on what you have heard or read, have you formed any opinion about the Letcher County Sheriff's Department?

15. If you have formed an opinion, how strong is that opinion?

16. Did any of the media coverage cause you to have an emotional reaction?

17. Do you feel that the media coverage was fair and balanced, or did it seem to favor one side?

**Impartiality and Ability to Serve Questions**

18. Despite any information you may have received from media sources, can you set aside that information and decide this case based solely on the evidence presented in this courtroom?

19. Can you presume the Letcher County Sheriff's Department acted reasonably unless and until the Plaintiff provides evidence of wrongdoing?

20. Will you be able to listen to all the evidence with an open mind before reaching any conclusions?

21. If the evidence presented in court differs from what you may have heard in media reports, will you base your decision on the courtroom evidence?

22. Can you follow the court's instructions to disregard any information not presented as evidence in this trial?

23. Is there anything about the media coverage you have encountered that would make it difficult or impossible for you to be fair and impartial?

24. Do you feel that you can give the Defendant a fair hearing and base your decision solely upon the evidence presented?

25. Is there anything about your exposure to media coverage that you believe the court and attorneys should know about?

**Follow-up and Clarification Questions**

26. For jurors who indicate they have formed opinions: Can you tell me more about the nature of that opinion and how firmly you hold it?

27. For jurors with significant exposure: Given the extent of your exposure to media coverage, do you believe you can truly set aside what you have heard and start fresh?

28. For jurors indicating emotional reactions: Can you describe the nature of your emotional response and whether it would affect your ability to be impartial?

29. For jurors who discussed the case with others: What was the general sentiment expressed by those you spoke with about this case?

30. Is there any reason, related to media coverage or otherwise, why you could not be a fair and impartial juror in this case?

**Additional Considerations for Individual Voir Dire**

If responses during general voir dire indicate significant exposure or potential bias, the following individual questions may be appropriate:

• Can you describe in detail what specific information you remember from media reports?

• How has this information affected your view of the case?

• What would it take for you to change your current opinion, if any?

• Do you believe you have heard enough about this case that you would have difficulty keeping an open mind?

• Are you committed to deciding this case based solely on what you hear in this courtroom, regardless of what you may have previously heard or read?

**Law Enforcement and Authority Figures**

Do any of you have family members or close friends who work in law enforcement? .

Have you had significant personal interactions with law enforcement officers, either positive or negative?

Would you be able to evaluate the testimony of a law enforcement officer using the same standards you would apply to any other witness?

This case involves allegations against a court security officer who worked for the Letcher County Sheriff's Department. Would the fact that the defendant is a law enforcement officer make you less likely to believe his testimony?

**Criminal Justice System and Supervision**

The plaintiff in this case had been released on bond and as a requirement of her bond was monitored by GPS tracking via an ankle monitoring device. Do you have any strong feelings about people who wear ankle monitors as a form of supervision?

Have you or anyone close to you faced criminal charges, participated in drug court, probation, home incarceration, ankle monitoring, or similar programs?

Would any of those experiences affect your ability to be fair and impartial in this case?

**Sexual Misconduct and Consent  [Sidebar option available for sensitive responses]**

This case involves allegations of sexual misconduct. Would hearing testimony about sexual conduct make you uncomfortable in a way that would affect your ability to focus on the evidence?

**Government Liability and Official Accountability**

This case includes claims against individual defendants as well as government entities. Do you have any strong feelings about lawsuits that might result in payments from taxpayer funds?

**Bias**

Do you have any strong feelings about the #MeToo movement or similar social movements that might affect your judgment in this case?

Would you be able to base your verdict solely on the evidence presented in court, rather than on outside information or personal beliefs?

If the court instructs you on the law, would you be able to follow those instructions even if you personally disagreed with them?

Respectfully submitted,

PORTER, BANKS, BALDWIN & SHAW, PLLC
327 Main Street, P.O. Drawer 1767
Paintsville, Kentucky  41240-1767
Telephone:	(606) 789-3747
Facsimile:	(606) 789-9862

*/s/ Jonathan C. Shaw*_____
JONATHAN C. SHAW
jshaw@psbb-law.com
*Counsel for Defendant Letcher County Sheriff's Department*

CERTIFICATE OF SERVICE:

I hereby certify that on February 17, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and I further certify that I mailed a true and correct copy of the foregoing to:

Joe F. Childers, Esq.
Childers & Baxter, PLLC
201 West Short Street Suite 300
Lexington, Kentucky 40507
bethany@jchilderslaw.com

Jason E. Williams, Esq.
Williams and Towe Law Group

303 S. Main Street
London, KY 40743
jason@wftlaw.com

                                       */s/ Jonathan C. Shaw*_____
                                       JONATHAN C. SHAW