UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON
CIVIL ACTION NO. 6:26-cv-00004-REW-EBA

***THIS DOCUMENT HAS BEEN ELECTRONICALLY FILED***

| | |
|---|---|
| SABRINA ADKINS | PLAINTIFFS |
| V. | |
| BEN FIELDS, Individually<br>And in his official Capacity as<br>A Deputy Sheriff with the<br>Letcher County Sheriff's Department,<br>MICKEY STINES, Letcher County Sheriff, and<br>EASTERN KENTUCKY CORRECTIONAL<br>SERVICES, INC. | DEFENDANTS |

---

**MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULE CIVIL PROCEDURE 26(a) AND / OR (e) AND 37(c)(1)**

---

Comes the Defendant, Ben Fields, individually, by and through counsel, and moves the Court for a Motion for Sanctions pursuant to Federal Rule of Civil Procedure 26(a) and (e) and 37 (c)(1) and move the Court to sanction Plaintiff for failure to timely provide or supplement information as required by Rule 26(a) or (e).

As grounds therefore, the Plaintiff, on the Saturday before the scheduled Pretrial Conference, and a mere ten (10) days before trial, filed "Plaintiff's Supplemental Rule 26 Disclosure" relating to damages to be claimed at trial [DN 229]. The disclosure requests two million ($2,000,000) dollars in compensatory damage for pain and suffering and mental anguish, and Five Million ($5,000,000) dollars for punitive damages. *Id*.

Plaintiff's filing can be described more accurately as an "initial" disclosure, as to date, Plaintiff has provided no information about her damages. In her Rule 26 Disclosures (**Ex. 1**) Plaintiff responded by stating.

> (iii) Plaintiffs claim compensatory and punitive damages, which include but are not limited to past and future medical expenses, emotional distress,

1

pain and suffering, and legal fees and costs. Plaintiffs have not calculated
these damages and will supplement their responses at an appropriate
time.

The Supplemental Disclosures offer no explanation or rationale for their extremely late disclosure.

As this Court has held previously in <u>Silitonga v KY. State Univ</u>., 2018 U.S. Dist. LEXIS 140699 (E.D. Ky. 2018).

Legal Principles:

The discovery process imposes on parties certain **disclosure** and production duties. *See, e.g.*, Fed. R. Civ. P. 26*(a)*, *(b)*, *(e)*. To help police **Rule** faithfulness, it also provides sanctions for noncompliance. "If a party fails to provide information or identify a witness as required by **Rule 26***(a)* or *(e)*, the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." *Id.* 37(c)(1). The Court may order additional or substitute sanctions. *Id.* 37(c)(1)(A)-(C) (also cross-referencing **Rule** 37(b)(2)(A)(i)-(vi)).

The test for **Rule** 37(c) exclusion "is very simple: the sanction is mandatory unless there is a reasonable explanation of why **Rule 26** was not complied with or the mistake was harmless." *Bessemer & Lake Erie R.R. Co. v. Seaway Marine Transp.*, 596 F.3d 357, 370 (6th Cir. 2010); *see also* Dickenson v. Cardiac & Thoracic Surgery of E. Tenn., 388 F.3d 976, 983 (6th Cir. 2004) ("The exclusion of non-disclosed evidence is automatic and mandatory under **Rule** 37(c)(1) unless non**disclosure** was justified or harmless."). "The party requesting exclusion under **Rule** 37(c)(1) need not show prejudice, rather the non-moving party must show that the exclusion was 'harmless' or 'substantially justified.'" Saint Gobain Autover USA, Inc. v. Xinyi Glass N. Am., Inc., 666 F. Supp. 2d 820, 826 (N.D. Ohio 2009). "[E]xclusion of **late** or undisclosed evidence is the usual remedy for noncompliance with **Rule 26***(a)* or *(e)*," although the **[*4]** Court of course retains alternative options. Howe v. City of Akron, 801 F.3d 718, 747 (6th Cir. 2015).
What, then, does it mean for a mistake to be substantially justified or harmless? In *Howe*, the Sixth Circuit "adopt[ed]" the Fourth Circuit's five-factor test to "assess" that question. 801 F.3d at 747-48. The factors are: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *Id.* at 748 (quoting Russell v. Absolute Collection Servs., Inc., 763 F.3d 385, 396-97 (4th Cir. 2014), and *S. States Rack &*

*Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 597 (4th Cir. 2003))*; see also, e.g., *Abrams v. Nucor Steel Marion, Inc., 694 F. App'x 974, 982 (6th Cir. 2017)*; *Baker Hughes Inc. v. S&S Chemical, LLC, 836 F.3d 554, 568-69 (6th Cir. 2016)*; *EQT Prod. Co. v. Magnum Hunter Prod., Inc., No. 5:16-CV-150-JMHREW, 2017 U.S. Dist. LEXIS 80288, 2017 WL 2295906, at *3-6 (E.D. Ky. May 25, 2017)* (applying the factors); *Bentley v. Highlands Hosp. Corp., No. 15-97-ART-EBA, 2016 U.S. Dist. LEXIS 139414, 2016 WL 5867496, at *10 (E.D. Ky. Oct. 6, 2016)* (characterizing the five factors as "flesh[ing] out" *Bessemer*'s "simple test"). As then-District Judge Thapar put it: "The factors simply lend themselves to the task at the heart of **Rule** *37(c)(1)*: separating 'honest,' harmless mistakes from the type of 'underhanded gamesmanship' that warrants the harsh remedy of exclusion." *Id.* The Sixth Circuit deferentially reviews decisions on these matters under an abuse of discretion standard. *Howe, 801 F.3d at 747*.

See <u>Silitonga v KY. State Univ</u>., 2018 U.S. Dist. LEXIS 140699 (E.D. Ky. 2018) pp. 3-9. (Attached at **Ex. 2**)

Here, Plaintiff offers no explanation for the late filing, let alone an argument that the failure to provide information on damages as required, was "substantially justified" or is "harmless."

Notably, when asked in discovery what her damages were, Plaintiff responded:

"Plaintiff has not yet itemized damages and will supplement her response to this interrogatory at the appropriate time consistent with the Court's deadlines. (**EX. 3**)" See Plaintiff's responses to Answers to Interrogatories.

In addition, when Plaintiff submitted Proposed Jury Instructions to the Court, she did not propose an instruction for punitive damages. [DN 175].

Here Defendants are not required to show prejudice, rather Plaintiff must show that the failure to disclose was substantially justified or is harmless. Here Plaintiff, although required to do so, did neither. Plaintiff disregarded the Court's Scheduling Orders by failing to provide the required information on damages by stating it would be supplemented, then repeated the supplementation response in answers to discovery, and the submitted Proposed Jury Instructions to the Court without a request for punitive damages. *Id*. [DN 175]

3

These actions or omissions are not honest, harmless mistakes, but instead smack of the type of "underhanded gamesmanship" (described by Judge Thapar in *Bentley v Highlands Hosp. Corp*, *Supra*. As this Court noted in *Silitonga*, *Supra*, "Eleventh hour revelations shock the unsuspecting" *Id*. at p. 5. There is no greater shock than leaning that instead of not seeking punitive damages at all, that Plaintiff instead seeks five million ($5,000,000) dollars. It is further shocking that Plaintiff now seeks two million ($2,000,000) dollars for mental anguish when there has been absolutely no proof of same. Plaintiff's testimony in this matter has been consistent that her emotional distress was due to being terrified to return to jail. Adkins, depo DN. 134 p. 68, 97-98, 121, 122. Plaintiff has only now for the first time claimed, "mental anguish". That warrants the exclusion of claims for damages.

Given these facts, Plaintiff cannot provide an exculpatory explanation for failure to disclose, and as noted by this Court in *Bentley*, ("[F]aulty record keeping is not a sufficient excuse for failure to comply with a mandatory Federal Rule of Civil Procedure.]"). *Id*. at 11.

Accordingly, Defendant prays that Plaintiffs' claims for damages be excluded for failure to comply with Rule 26(a) and/or (e). "[Exclusion of late or undisclosed evidence is the usual remedy for noncompliance with Rule 26(a) or ( e),]" *See*. *Howe v City of Akron,* 801 F. 3d 718, 747 (6th Cir. 2015).

                                                Respectfully submitted,

                                                Jason E. Williams, Esq.
                                                Williams and Towe Law Group
                                                303 S. Main Street
                                                London, KY 40743
                                                Telephone (606) 877-5291
                                                jason@wftlaw.com
                                                brandy@wftlaw.com


                                                By:    /s/Jason E. Williams
                                                JASON E. WILLIAMS, Esq.
                                                *Counsel for Defendant, Ben Fields, individually.*

/s/Jason E. Williams

## **CERTIFICATE OF SERVICE:**

I hereby certify that on February 21, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and I further certify that I mailed a true and correct copy of the foregoing to:

Jonathan Shaw
PORTER, BANKS, BALDWIN & SHAW, PLLC
327 Main Street, P.O. Drawer 1767
Paintsville, Kentucky 41240-1767
jshaw@psbb-law.com


Joe Childers
Childers & Baxter, PLLC
201 West Short Street Suite 300
Lexington, Kentucky 40507
bethany@jchilderslaw.com

/s/Jason E. Williams<br>Jason E. Williams